# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AMANDA HOLLAND,**

        **Plaintiff,**

v.                                            **Case No: 6:19-cv-945-Orl-41GJK**

**WESTSIDE SPORTSBAR & LOUNGE, INC.,**
a Florida Profit corporation and **GARY KIRBY, individually,**

        **Defendants.**

## ORDER[1]

This cause came on for consideration without a hearing on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS BASED ON DEFENDANT'S FAILURE TO ATTEND THE PARTIES COURT ORDERED MEDIATION AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 38)** |
| **FILED:** | **January 17, 2020** |

**THEREON** it is ORDERED that the motion is **GRANTED in part** and **DENIED in part**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (Doc. No. 52)** |
| **FILED:** | **April 7, 2020** |

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

> **THEREON** it is **ORDERED** that the motion is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND.

On May 21, 2019, Plaintiff filed a Complaint against Defendants for violations of the Fair Labor Standards Act ("FLSA") alleging Defendants failed to pay her a minimum wage for approximately one month's work. Doc. No. 1. On June 17, 2019, a Clerk's default was entered against both Defendants. Doc. Nos. 11 and 12. On June 21, 2019, Defendant Gary Kirby filed a motion to set aside those defaults and Mr. Kirby filed an Answer. Doc. Nos. 13 and 14. On June 27, 2019, this Court issued an order setting aside the default as to Mr. Kirby only. Doc. No. 16.

On July 18, 2019, an FLSA Scheduling Order was issued that required Mr. Kirby to serve upon Plaintiff her time sheets and payroll records in his possession, custody, or control on or before August 8, 2019. Doc. No. 19. On September 17, 2019, Plaintiff filed a Motion for Contempt and Sanctions ("First Motion for Contempt and Sanctions") regarding Mr. Kirby's failure to provide any payroll records from Plaintiff's employment as directed by this Court's FLSA Scheduling Order. Doc. Nos. 19, 24.

On November 5, 2019, a Case Management and Scheduling Order ("CMSO") was issued requiring Rule 26 mandatory disclosures by November 5, 2019. Doc. No. 28. On November 12, 2019, Plaintiff filed a second Motion for Contempt and Sanctions ("Second Motion for Contempt and Sanctions") regarding Defendant Kirby's lack of civility with Plaintiff's counsel and counsel's paralegal and Mr. Kirby's failure to provide Rule 26 mandatory initial disclosures as required by the Court's CMSO. Doc. Nos. 28 and 30. On December 6, 2019, this Court entered an order directing Mr. Kirby to comply with discovery and a Report and Recommendation that the First and Second Motion for Contempt and Sanctions be denied and Mr. Kirby admonished regarding his behavior and failure to comply with Court orders. Doc. Nos. 35, 36.

On January 17, 2020, Plaintiff filed another Motion for Contempt and Sanctions ("Third Motion for Contempt and Sanctions") based on Mr. Kirby's failure to attend a scheduled mediation. Doc. No. 38. Plaintiff argues Mr. Kirby should be found in contempt, his pleadings stricken, a default judgment entered against him and Plaintiff awarded attorney's fees associated with filing the Third Motion for Contempt and Sanctions and the cost of mediation. *Id.* at 4.

In an email exchange ahead of the mediation, Mr. Kirby indicated he could attend the mediation but he could not pay for the mediation. Doc. No. 38-1. The mediator attempted to work out a payment arrangement for Mr. Kirby, but there was no resolution. *Id.* In the end, Mr. Kirby simply did not attend the mediation. Doc. Nos. 38; 38-1. On January 23, 2020, the Court issued an order directing Mr. Kirby to show cause why he should not be held in contempt. Doc. No. 39. On February 7, 2020, Mr. Kirby emailed chambers in response to the Order to Show Cause. Doc. No. 41. On February 11, 2020, the Court issued an order striking that response and giving Mr. Kirby eleven days to file a proper response with the Court. Doc. No. 42. On February 25, 2020, Mr. Kirby filed his response to the Order to Show Cause. Doc. No. 46. Mr. Kirby explained that he could not afford mediation at the time it was scheduled and he had no interest in settling this matter and intended to go to trial. *Id.*

Meanwhile, on February 24, 2020, Plaintiff filed a Motion to Compel Mr. Kirby to respond to a second request to produce. Doc. No. 45. On March 25, 2020, this Court entered an order directing Mr. Kirby to respond to the discovery request within fourteen days, awarding Plaintiff attorney's fees incurred in filing the motion, and directing the parties to attempt to resolve the amount of attorney's fees to be paid or Plaintiff could file a motion for attorney's fees if the parties could not agree. Doc. No. 51.

On April 7, 2020, Plaintiff filed her Motion for Attorney's Fees ("Motion for Attorney's Fees") with respect to the Court's award of fees incurred in filing the Motion to Compel. Doc. No. 52. Plaintiff seeks $1,057.50 in attorney's fees. *Id.* Mr. Kirby has filed no response to the Motion for Attorney's Fees.

**II.    ANALYSIS.**

A.     Third Motion for Contempt and Sanctions

Litigants and their counsel have an explicit and implicit obligation to participate in their suits in good faith. *See Maus v. Ennis*, No. 6:10-cv-1904, 2011 U.S. Dist. LEXIS 100429, at *2 (M.D. Fla. Aug. 17, 2011) (citing Fed. R. Civ. P. 11, 16, 26, 37; Local Rule 2.04(h), 3.01(g), and 3.06)). A *pro se* party "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure[,]" the Local Rules for the Middle District of Florida, and applicable substantive law. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

This Court may impose sanctions for a party's failure to comply with court orders or the Federal Rules of Civil Procedure. *Zocares v. Castro*, 465 F.3d 479, 490 (11th Cir. 2006); Fed. R. Civ. P. 41(b); *see Algieri v. Vanaski*, No. 6:08-cv-766, 2008 U.S. Dist. LEXIS 115230, at *3 (M.D. Fla. Nov. 17, 2008) (pro se litigant who fails to follow an order of the court or exhibits a lack of respect for the court and its authority may be subject to a Rule 41(b) dismissal). In imposing a sanction, the Court looks to the least oppressive sanction that is most likely to redress the conduct. *See Maus*, 2011 U.S. Dist. LEXIS 100429, at *9, *adopted by* 2011 U.S. Dist. LEXIS 100597, at *2 (M.D. Fla. Sept. 7, 2011) (recommending that defendant be admonished for his inappropriate conduct and advised that any future rudeness or disrespect to counsel or the court will be met with more severe sanctions including monetary sanctions, striking of his pleadings, and entry of a default judgment against him).

Here, Mr. Kirby advised counsel and the mediator that he was unable to pay for the scheduled mediation, he did not simply refuse to attend mediation. Doc. Nos. 38, 38-1, 46. While the Court finds that contempt is not appropriate under the circumstances, Mr. Kirby is advised again that compliance with this Court's orders is *not optional*. Mr. Kirby has reached the end of the road with respect to his failure to comply with the rules and court orders in this matter. While the Court understands the difficulties faced by Mr. Kirby as a *pro se* litigant, he has been advised by this Court time and again that is not an excuse for failing to comply with the rules or court orders.

Mr. Kirby is admonished that failure to comply with any further orders of this Court will result in the issuance of a Report and Recommendation that Mr. Kirby's pleadings be stricken and a default judgment be entered against him.

As Plaintiff has incurred costs in preparing the Third Motion for Contempt and Sanctions, as well as in attending mediation, the Court will award attorney's fees in the amount of $750.00, payable by Mr. Kirby to Plaintiff's counsel on or before May 15, 2020. The Court will not require the parties to reschedule mediation at this time, although the parties remain free to discuss settlement without the assistance and concomitant expense of a mediator.

### B. Motion for Attorney's Fees.

Plaintiff seeks a total of $1,057.50 in attorney's fees. Doc. No. 52. Plaintiff claims 1.3 hours of time for attorney Ethan Babb's preparation of the Motion to Compel and 2.0 hours of time for attorney Joseph Wood for preparing the Motion for Attorney's Fees and determining the amount of time expended. Doc. No. 52. Plaintiff seeks $350 per hour for Mr. Wood and $275 for Mr. Babb. Doc. No. 56. Mr. Kirby did not file a response to the Motion for Attorney's Fees so it is deemed unopposed. Local Rule 3.01(b).

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). The Court is itself an expert in prevailing market rates. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or

otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Mr. Wood has been licensed for eight years, Mr. Babb has been licensed for approximately three years. Doc. No. 52. They both practice labor and employment law. *Id.* The Court has routinely found hourly rates between $250 and $375 to be reasonable in these types of cases. *Rizzo-Alderson v. Tawfik*, No. 5:17-cv-312, 2019 U.S. Dist. LEXIS 124279, at *8 (M.D. Fla. July 1, 2019) (collecting cases that reflect courts in the Middle District have awarded rates between $250-$375 per hour in FLSA cases). Based on this Court's experience and the nature of this case, the Court finds that the hourly rates requested are reasonable.

With respect to the hours expended, while the Court does not find them unreasonable, the Court finds that Mr. Wood's time expended in determining the appropriate amount of attorney's fees to be requested is beyond the scope of attorney's fees awarded by the Court's order. Doc. Nos. 51; 52-1 at 2. The Court awarded Plaintiff attorney's fees for the time incurred preparing the Motion to Compel. Doc. No. 51. Based on a review of the time sheets provided, only Mr. Babb's time is compensable. Doc. No. 52-1 at 2. Thus, the Court will award $357.50 in attorney's fees payable by Mr. Kirby to Plaintiff's counsel on or before May 15, 2020.

Accordingly, it is **ORDERED** that the Third Motion for Contempt and Sanctions (Doc. No. 38) and the Motion for Attorney's Fees (Doc. No. 52) be **GRANTED in part** and **DENIED in part** as follows:

1. Defendant Gary Kirby is admonished that he must comply with this Court's orders;

2. Defendant Gary Kirby is admonished that the failure to comply with any further orders of this Court will result in the issuance of a Report and Recommendation from this Court that his pleadings be stricken and default judgment entered against him;

3. Defendant Gary Kirby shall pay Plaintiff's counsel $1,107.50 on or before May 15, 2020; and

$. The Third Motion for Contempt and Sanctions and the Motion for Attorney's Fees are otherwise **DENIED.**

**ORDERED** in Orlando, Florida, on April 28, 2020.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties