UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AMANDA HOLLAND,**

      **Plaintiff,**

v.                                          Case No:  6:19-cv-945-Orl-41GJK

**WESTSIDE SPORTSBAR & LOUNGE,
INC., a Florida profit corporation and
GARY KIRBY, individually,**

      **Defendant.**

___

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR FINAL DEFAULT JUDGMENT** (Doc. No. 60) |
| **FILED:** | **September 17, 2020** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

**I.   BACKGROUND.**

On May 21, 2019, Plaintiff Amanda Holland filed a Complaint against Defendants Westside Sportsbar & Lounge, Inc. ("Westside") and Gary Kirby for violations of the Fair Labor Standards Act ("FLSA") alleging Defendants failed to pay her minimum wage for approximately one month's work as a bartender. Doc. No. 1. On June 17, 2019, a Clerk's default was entered against both Defendants. Doc. Nos. 11 and 12. On June 21, 2019, Kirby filed a motion to set aside those defaults and filed an Answer. Doc. Nos. 13 and 14. On June 27, 2019, this Court issued an order setting aside the default as to Kirby only. Doc. No. 16.

On September 3, 2020, the Court entered a default and default final judgment (as to liability only) against Kirby as a sanction for non-compliance with court orders. Doc. No. 57. On September 17, 2020, Holland filed a Motion for Final Default Judgment against both Defendants. Doc. No. 60. Ms. Holland seeks $363.75 in unpaid minimum wages, $363.75 in liquidated damages, and leave to file a separate motion for attorney's fees and costs. *Id.*

## II.   STANDARD OF REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining a default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55(a). Second, after obtaining a clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To this end, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

570). To state a plausible claim for relief, plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

If a plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is entitled to the relief requested in the motion for default judgment. With respect to a request for damages, the plaintiff bears the burden of demonstrating entitlement to the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). No hearing is needed, however, "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See id.* at 1232 n.13; *see also Wallace*,

247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages"). A plaintiff may use affidavits in an effort to quantify the damages claim. *Adolph Coors*, 777 F.2d at 1544.

### III. ANALYSIS.

#### A. Clerk's Defaults

Under the Federal Rules of Civil Procedure, a corporation may be served pursuant to: 1) the laws of the state where the district court is located or where service is made; or 2) the methods of service provided in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(h)(1). The Federal Rules of Civil Procedure and Florida law each provide that a corporation may be served by serving the corporation's registered agent. Fed. R. Civ. P. 4(h)(1)(B); Fla Stat. § 48.081(3)(a) (2016). If the registered agent fails to comply with § 48.091, Florida Statutes, then service is permitted on any employee at the corporation's principal place of business. Fla. Stat. § 48.081(3)(a). Kirby was Westside's registered agent, and the address provided was Westside's principal place of business. Doc. No. 8. An employee of Westside was served via substitute service on May 22, 2019 at 11:06 a.m. *Id.*

Westside had twenty-one days from the date of service to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Westside neither responded to the Complaint nor appeared in this action. Accordingly, the Clerk properly entered default against it. Fed. R. Civ. P. 55(a).[2] This Court directed the Clerk to enter a default against Mr. Kirby, thus that default was also proper. Doc. No. 57.

#### B. FLSA

To prevail on a claim for minimum wage compensation under FLSA, the plaintiff must

---

[2] The Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331. The Court also has personal jurisdiction over Westside as it is incorporated and conducts business in Florida. Doc. No. 1.

establish: 1) the defendant employed her; 2) either (a) the defendant was engaged in interstate commerce, or (b) the defendant is an enterprise engaged in interstate commerce; and 3) the defendant did not pay her the minimum wage. *Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc.*, No. 6:08–cv–926, 2009 WL 1607809, at *3 (M.D. Fla. June 9, 2009).

### *1.     Employment.*

As defined by the statute, and subject to certain exceptions not at issue here, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The statutory definition of "employer" is similarly broad as it encompasses both the employer for whom the employee directly works, as well as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id.* at § 203(d). Given the broad definition of "employer," an employee "may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)). Holland alleges and avers that she was employed as a bartender at Westside and that both Westside and Kirby were her employers. Doc. Nos. 1 at 2, 3; 23.

An employee may show that she is covered under the FLSA by demonstrating one of the following: 1) she was engaged in commerce or in the production of goods for commerce (i.e., individual coverage); or 2) the employer was engaged in commerce or in the production of goods for commerce (i.e., enterprise coverage). *Id.* at 1298-99; 29 U.S.C. § 207(a)(1).

Here, Holland maintains that Westside was an enterprise covered by the FLSA throughout the relevant period. Doc. No. 1 at 2, 3. An enterprise is engaged in commerce or in the production of goods for commerce if it meets the following requirements:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]

29 U.S.C. § 203(s)(1)(A)(i)-(ii). A court "cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008)).

Holland alleges that Westside had an annual gross volume of sales made or business done of not less than $500,000 during the relevant time period. Doc. No. 1 at 2. Holland alleges that Westside has been an enterprise engaged in commerce or in the production of goods for commerce in that it had two or more employees engaged in commerce, or engaged in the production of goods for commerce, or handling selling or working on goods or materials that have been moved or produced in commerce (i.e., cars, cleaning supplies, computers, and/or office supplies). *Id.* at 2, 3. Accepting these allegations as true, the undersigned finds that enterprise coverage is sufficiently demonstrated.

### 2. *Failure to Pay Minimum Wage*

Holland states she was not paid the statutory minimum wage for all of her hours worked. Doc. Nos. 1; 23; 60. Holland states she was paid $180 for the 75 hours she worked before her employment was terminated. Doc. Nos. 1; 23; 60. Accepting these averments as true, the undersigned finds that Holland sufficiently demonstrates that Defendants did not pay her a statutory minimum wage.

In light of the foregoing, it is **RECOMMENDED** that the Court find that Holland sufficiently demonstrates that Westside violated the FLSA's minimum wage provision, 29 U.S.C. § 206.

### C. Damages

Holland is entitled to her unpaid minimum wages for the work she performed. 29 U.S.C. § 206(a)(1); *Wallace*, 247 F.R.D. at 682. In an FLSA case, the plaintiff bears the burden of proving, "with definite and certain evidence, that he performed work for which he was not properly compensated." *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980), *implicitly overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988). A plaintiff may establish his or her damages by affidavit. *See Adolph Coors*, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for [an] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'") (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Additionally, "employees who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith." *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012) (citing *Dybach v. Fla. Dep't of Corrections*, 942 F.2d 1562, 1566-67 (11th Cir. 1991)).

Holland states in her answer to court interrogatories that she worked 75 hours and should have been paid $543.75 (75 hours x $7.25 minimum wage). Doc. No. 23 at 2. However, she received only $180.00. *Id.* Holland claims she is entitled to an additional $363.75 in unpaid minimum wages. *Id.* On this record, the undersigned finds that Holland provides sufficient evidence to support her request for unpaid statutory minimum wages.

Holland also seeks an award of liquidated damages. Doc. Nos. 1; 60. Holland alleges that

Defendants willfully refused to pay her minimum wages. Doc. No. 1 at 4. Defendants have not presented any evidence of a good faith failure to pay minimum wages. Therefore, by virtue of Defendants' default, Defendants admit that they willfully violated the FLSA. *Ojeda-Sanchez*, 499 F. App'x at 902. As a result, the undersigned finds that Holland is entitled to an award of liquidated damages. Accordingly, it is **RECOMMENDED** that the Court award Holland $363.75 in unpaid statutory minimum wages, plus an equal amount of liquidated damages.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 60) be **GRANTED** as follows:

1. The Court enter a judgment in favor of Plaintiff against Defendants for damages in the amount of $727.50;

2. The Court grant Plaintiff leave to file a motion for attorney's fees and costs within **fourteen (14) days** from the date final judgment is entered; and

3. Direct the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on October 13, 2020.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

- 9 -

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy