UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AMANDA HOLLAND,**

        **Plaintiff,**

v.                                               Case No.  6:19-cv-945-CEM-GJK

**WESTSIDE SPORTSBAR &
LOUNGE,
INC. AND GARY KIRBY,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION [1]

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S SECOND MOTION FOR FINAL JUDGMENT OF GARNISHMENT (Doc. No. 105)** |
| **FILED:** | **April 4, 2022** |
| | **THEREON** it is **RECOMMENDED** that the Motion is **GRANTED**. |

On November 5, 2020, judgment was entered in favor of Plaintiff and against Defendants, stating, in relevant part, as follows: "**IT IS ORDERED**

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

**AND ADJUDGED** That the Judgment is entered in favor of Plaintiff, Amanda Holland and against Defendants, Westside Sportsbar & Lounge, Inc. and Gary Kirby, in the amount of $727.50, for which each Defendant is jointly and severally liable, for which sum let execution issue." Doc. No. 65. On February 12, 2021, the Court awarded Plaintiff attorney's fees of $14,981.25 and costs of $540.00. Doc. No. 68. On March 8, 2022, a judgment totaling $15,521.25 was entered in favor of Plaintiff and against Defendants in accordance with the Court's award of attorney's fees and costs on February 12, 2021. Doc. No. 95. On March 8, 2022, a judgment totaling $1,107.50 was entered in favor of Plaintiff and against Defendant, Mr. Kirby, in accordance with the Court's award of attorney's fees and costs on April 28, 2020. Docs. Nos. 53; 96.

On November 23, 2021, the Clerk of this Court issued two Writs of Garnishment directed to Space Coast Credit Union (the "Garnishee") each in the amount of $16,248.75 against Gary Kirby and Westside Sportsbar & Lounge, Inc. (the "Writs of Garnishment"). Doc. Nos. 71, 72. On December 3, 2021, Garnishee filed its Answer to the Writs of Garnishment (the "Answer"). Doc. No. 75. Pursuant to Florida Statute section 77.055, on December 3, 2021, Plaintiff served the Writs of Garnishment on Defendants. Doc. Nos. 73, 74.

On December 9, 2021, Defendant, Gary Kirby filed a Claim of Exemption and Request for Hearing under Fla. Stat. 77.041 (the "Claim for Exemption"). Doc. No. 77. Kirby's Claim for Exemption was made in response to Plaintiff's Writ of Garnishment issued against Kirby in the amount of $16,248.75. Doc. No. 71. On December 9, 2021, Plaintiff filed a response to Kirby's Claim for Exemption (Doc. No. 76), which contradicted the facts stated in the Claim for Exemption. On January 25, 2022, the undersigned held an evidentiary hearing, at which, was Kirby's burden to show Claim for Exemption was appropriate. Doc. No. 88 at 2. On February 14, 2022, the undersigned issued an order denying Kirby's Claim for Exemption, treating Kirby's failure to appear as an abandonment of the Claim for Exemption. *Id.* at 3. The Court also directed Plaintiff to file a motion reducing the Writs of Garnishment to a judgment or a motion dissolving the Writs of Garnishment. *Id*.

On April 4, 2022, Plaintiff filed a second motion seeking final judgments of garnishment (the "Second Motion"). Doc. No. 105. In the Second Motion Plaintiff states that Garnishee, is indebted to Gary Kirby in an amount totaling $297.70 and to Westside Sportsbar & Lounge, Inc. in the amount of $53.26 (Doc. No. 105 at 2-3) and requests the Court enter final judgments of garnishment in these respective amounts in favor of Plaintiff and against Garnishee. *Id.* at 2.

Section 77.083, Florida Statutes, provides that a judgment shall be entered against a garnishee based upon its liability as disclosed in the garnishee's answer or, if a reply is filed, after a trial on the reply. Any judgment must not exceed the amount unpaid on the final judgment against a defendant or the amount of the garnishee's liability to a defendant. § 77.083, Fla. Stat. (2022).

After review of the relevant law, the Plaintiff's Second Motion, the Writs of Garnishment, the Garnishee's answer, and all other relevant filings and documents, the undersigned recommends that the Second Motion be granted and for the Clerk to issue the final judgments of garnishment. In the absence of any request for a garnishment fee, judgment is appropriate for the full amount withheld.

Accordingly, it is **RECOMMENDED** that the Second Motion (Doc. No. 105) be **GRANTED** and final garnishment judgments be entered as follows:

1. In favor of Plaintiff and against Space Coast Credit Union in the amount of $53.26 for funds held for Westside Sportsbar & Lounge, Inc.; and

2. In favor of Plaintiff and against Space Coast Credit Union in the amount of $297.70 for funds held for Gary Kirby.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on May 13, 2022.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Unrepresented party